IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL NO. JKB-11-0367** |
| **QUINNARD SHULER,** | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Quinnard Shuler's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. (ECF No. 231.) The Government opposes the motion saying it is, in reality, a motion for reconsideration of an earlier unsuccessful motion under the same authority and, therefore, a jurisdictional bar prevents this Court's consideration of it. (ECF No. 233.) Shuler's reply (ECF No. 234) is, however, persuasive, and the Court will grant the motion. Shuler's motion relies upon the case of *Hughes v. United States*, 138 S. Ct. 1765 (2018), which provided a broad interpretation of § 3582(c)(2)'s phrase "relied upon" in relation to a sentencing court's use of the Sentencing Guidelines in the context of a guilty plea under Federal Rule of Criminal Procedure 11(c)(1)(C). The Court notes that the earlier denial of Shuler's Amendment 782 motion was premised upon authority abrogated by *Hughes*. It would be anomalous for this Court to be barred from consideration of such recent, dispositive precedent, and the Court concludes that whatever bar may exist to consideration of a second motion under § 3582(c)(2) in other circumstances does not apply in the circumstances faced by this Court in the instant matter. Moreover, the Court notes the Fourth Circuit no longer subscribes to the notion that a successive § 3582(c)(2) motion is *jurisdictionally*

barred; instead, the Circuit Court now "understand[s] this prohibition to be non-jurisdictional, and thus waived when the government fail[s] to assert it" in the district court. *United States v. May*, 855 F.3d 271, 274 (4th Cir. 2017). Finally, the Court is unable to find any instance within the Fourth Circuit where the Government has asserted, much less successfully defeated, a post-*Hughes* successive motion under Amendment 782 in the context of a "C" plea on the basis of a supposed jurisdictional or nonjurisdictional bar. The Government has offered no opposition on the merits.

Accordingly, the Court GRANTS the motion (ECF No. 231) and will enter an amended judgment by separate order.

DATED this 22 day of April, 2019.

BY THE COURT:

James K. Bredar
Chief Judge